IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCHLUMBERGER TECHNOLOGY CORP. d/b/a K&M TECHNOLOGY GROUP, | ) ) ) | |
| Plaintiff, | ) | CASE NO. 4:18-CV-03191 |
| v. | ) ) | |
| JOHN T. Hopkins and GDP DRILLING, LLC, | ) ) ) | JUDGE KEITH P. ELLISON |
| Defendants. | ) ) | |

## AGREED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Certain documents and information of Plaintiff Schlumberger Technology Corporation d/b/a K&M Technology Group ("K&M") and Defendants John T. Hopkins ("Hopkins") and GDP Drilling, LLC ("GDP") (collectively, the "Parties"), as well as those of Non-Parties (as defined below), to be exchanged or otherwise produced in the above-captioned action are expected to contain sensitive, confidential, or proprietary information or valuable trade secrets, the disclosure of which could harm the Parties' businesses, affect their competitiveness, or invade their employees' privacy, and the need for confidentiality of which therefore outweighs the public's interest in full access to all documents related to this Litigation. Accordingly, the Parties herein stipulate to this Agreed Protective Order and Confidentiality Agreement ("Protective Order") and agree to the following provisions concerning the documents, discovery responses, depositions, and other items produced, exchanged, or otherwise utilized in this lawsuit:

### **DEFINITIONS**

1.  The terms defined in Paragraph 1 shall have the meaning provided. Defined terms may be used in the singular or plural.

1.1. **"Producing Party"** means the Party or person that produces or that is asked to produce documents or information designated as Confidential Information or Highly Confidential Information. A Producing Party may be one of the Parties or a Non-Party.

1.2. **"Receiving Party"** means the Party receiving or requesting the production of documents or information designated as Confidential Information or Highly Confidential Information.

1.3. The **"Litigation"** means the above-captioned lawsuit, including all discovery proceedings, hearings, preparation and pre-trial, trial, and post-trial activities related thereto.

1.4. **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation, or trial, and all transcripts of testimony given in depositions, in hearings, or at trial in connection with the Litigation.

1.5. The **"Parties"** shall mean the Parties to this Litigation, K&M, Hopkins and GDP.

1.6. **"Non-Party"** shall mean any entity or individual that is not a party to this Litigation.

**Confidential Information and Highly Confidential Information**

2. The terms Confidential Information and Highly Confidential Information

shall have the meaning provided below:

2.1. **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, that the Producing Party believes in good faith lends to it a competitive advantage over others who do not possess such information, as well as confidential, private, or personal information relating to any individual Party or employee or former employee of the Party, which the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Documents designated as Confidential Information must include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations, finances, employees, or medical conditions as described in the Federal Rules of Civil Procedure Rule 26(c)(1)(G).

2.2. **"Highly Confidential Information"** means all information, whether or not embodied in a document or other physical medium, that qualifies as Confidential

Information and also contains information that the Producing Party in good faith deems especially sensitive and likely to cause injury to the Producing Party if disclosed. Highly Confidential Information may include, for example, confidential research and development, financial, or trade secret information. Highly Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Highly Confidential Information.

**Disclosure of Confidential Information and Highly Confidential Information**

3. Highly Confidential Information may only be disclosed to the following persons:

    a. the Court, Court personnel, Court reporters reporting during deposition, hearing, or trial testimony, jury and/or mediator;

    b. Counsel of record for the Parties in this Litigation, including regular employees of Counsel who provide assistance in discovery, preparation for trial, and/or trial of this case as a part of their regular duties;

    c. independent agents or contractors retained by Counsel of record to provide assistance in discovery, preparation for trial, and/or trial of this case;

    d. independent experts retained by the Parties in connection with this Litigation who have a legitimate need to review such information for purposes of this Litigation;

4. Confidential Information may only be disclosed to the persons to whom Highly Confidential Information may be disclosed, or the following additional persons:

    a. directors, officers, or employees of the Parties from whom the Receiving Party's attorney deems it necessary to obtain information or testimony for this litigation. For purposes of trial, the identity of any such witness must be disclosed thirty (30) days before trial or the discovery cutoff date, whichever date is earlier;

    b. witnesses deposed by either of the Parties, including expert witnesses; and

    c. any other person who is designated to receive Confidential Information by Order of Court or agreement of the Parties.

5. Before being permitted to receive, handle, or review any Confidential Information or Highly Confidential Information, the persons described in paragraphs 3(d)-(g) and 4(b) above must first be advised of the existence and contents of this Protective Order and must sign the
*Agreed Protective Order and Confidentiality Agreement*    3 | P a g e

Confidentiality Agreement attached hereto as Exhibit A. Counsel for the Receiving Party shall maintain all signed copies of Exhibit A throughout this Litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order.

### Use of Confidential Information or Highly Confidential Information

6. All Confidential Information and Highly Confidential Information shall be used solely for the purposes of this Litigation and only as permitted by this Protective Order. Under no circumstances may Confidential Information or Highly Confidential Information be used for non-Litigation purposes or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

7. No Party or person shall make or permit the making of more copies of any Confidential Information or Highly Confidential Information than necessary to conduct this Litigation. Counsel of record for each Party shall retain all copies of Confidential Information and Highly Confidential Information produced to said attorneys at all times, unless otherwise agreed to by the Producing Party in writing.

8. No Highly Confidential Information may be filed in an open court file associated with this Litigation or any other action. The Court shall determine, at a later date and with the consultation of the Parties' Counsel, how to address the admission of Highly Confidential Information offered during open Court proceedings.

### Designation of Confidential Information or Highly Confidential Information

9. The Producing Party shall clearly mark or designate in writing any Litigation Document, including discovery responses, to be treated as Confidential Information or Highly Confidential Information under the terms of this Protective Order.

10. Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as Confidential Information or Highly Confidential Information by indicating on the record at the deposition that the testimony or exhibits are Confidential Information or Highly Confidential Information. Further, all deposition transcripts shall be deemed Confidential Information for ten (10) days after their receipt by Counsel for each of the Parties, during which time the Producing Party may designate information contained in the transcript as Confidential Information or Highly Confidential Information by notifying Counsel for the Parties in writing of any specific pages and lines of the transcript which contain Confidential Information or Highly Confidential Information. The Producing Party will act in good faith when designating information as Confidential Information or Highly Confidential Information, and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 13 herein.

11. In the event any Confidential Information is to be used or discussed in a deposition, any Party shall have the right to exclude from attendance during such portions of the deposition involving Confidential Information any person other than the deponent and the persons defined in Paragraph 4. In the event any Highly Confidential Information is to be used or discussed in a deposition, the Producing Party shall have the right to exclude from attendance during such portions of the deposition involving Highly Confidential Information any person other than the deponent and the persons defined in Paragraph 3.

12. Any document or testimony designated as Confidential Information or Highly Confidential Information that is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs, or other documents

submitted to this Court during pretrial matters, shall be subject to this Protective Order. Highly Confidential Information included as part of any pleading, memorandum, or other submission shall be filed under seal, unless the Court otherwise directs, instructs, or orders. Subject to this Protective Order and further Order of the Court, nothing herein shall prevent the use of Confidential Information or Highly Confidential Information at hearing or trial. The Court will hear motions for the closure of limited portions of the hearings or trial of this matter should any Party deem such closure desirable or necessary. Before discussing the substance of any Highly Confidential Information at a hearing or trial, the Party intending to introduce or use such information must first notify the Court and counsel for the other Parties. No Party shall disclose the substance of Highly Confidential Information in open court until the Producing Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court. There shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as Confidential Information or Highly Confidential Information.

### Objection to Designation

13. Any dispute arising under this Protective Order shall be submitted to the Court for resolution. If any Party disagrees with the designation of any information as Confidential Information or Highly Confidential Information, the material so designated shall nonetheless be treated as such unless and until the Producing Party agrees or the Court orders that the Confidential Information or Highly Confidential Information designation shall be removed. Any party who wishes to contest the designation of any document or information as Confidential Information or Highly Confidential Information shall, in writing, inform Counsel for the Producing Party of its objection to the designation. If the Parties are unable to resolve the matter informally within ten

(10) days of the objection, the objecting party may file a motion to exclude such documents or information from this Order.

### Return of Confidential Information or Highly Confidential Information

14. Within thirty (30) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of Confidential Information and Highly Confidential Information shall be returned to the Producing Party, unless otherwise agreed to between the Parties, together with all documents containing data or information obtained, derived, or generated therefrom. The Producing Party's counsel shall retain such information for a period of four (4) years following the conclusion of this Litigation. In the alternative, the Receiving Party may provide counsel for the Producing Party with a certification attesting that the Confidential Information or Highly Confidential Information has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom. Attorney-client privileged and work-product materials incorporating Confidential Information or Highly Confidential Information, however, need not be returned or destroyed, but must be maintained in confidence by Counsel of record.

15. If any Confidential Information or Highly Confidential Information or data obtained, derived, or generated therefrom is sought through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party must notify Producing Party in writing within five (5) business days of receipt of the discovery request to permit the Producing Party to seek a protective order from the appropriate court or take other appropriate action.

### No Waiver

16. Nothing in this Protective Order shall be construed as a waiver by any Party of its

right to object to the subject matter of any discovery request made in this action. The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Protective Order and no designation as Confidential Information or Highly Confidential Information shall be construed as a finding (preliminary or otherwise) that any information designated by or protected by this Protective Order does or does not constitute confidential, proprietary, or trade secret information.

17. Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, or any attorney/client privilege, work product doctrine, or any privilege offered by the Federal Rules of Civil Procedure.

18. No use by any Party of any Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom shall waive or abrogate any of the provisions of this Protective Order with respect to such Confidential Information or Highly Confidential Information or documents or any information contained therein or derived therefrom.

Considering the foregoing:

**IT IS HEREBY ORDERED** that the Agreed Protective Order and Confidentiality Agreement be and is hereby **GRANTED** on this ___15th___ day of ___March___, 2019.

_____
**UNITED STATES DISTRICT JUDGE**

Stipulated to:

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANTS** |
|---|---|

*/s/ Stephen L. Scott*
Stephen L. Scott, Esq. (*Admitted PHV*)
THE KULLMAN FIRM, A.P.L.C.
600 University Park Place, Suite 340
Birmingham, Alabama 35209
T: 205-263-0224 | F: 205-871-5874
SLS@KullmanLaw.com
Paralegal: LAM@KullmanLaw.com

Samuel Zurik, III, Esq.
State Bar No. 24044397
Federal ID No. 557386
Stephen H. Clement, Esq.
THE KULLMAN FIRM, A.P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
T: 504-524-4162 | F: 504-596-4189
SZ@KullmanLaw.com
SHC@KullmanLaw.com

*/s/ Mathew D. Walker*
Mathew D. Walker, Esq.
State Bar No. 24075762
Federal ID No. 2969912
LITCHFIELD CAVO
One Riverway, Suite 1000
Houston, Texas 77056
T: 713-418-2004 | F: 713-418-2001
Walker@LitchfieldCavo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SCHLUMBERGER TECHNOLOGY CORP. )
d/b/a K&M TECHNOLOGY GROUP, )
)
      Plaintiff, ) CASE NO. 4:18-CV-03191
)
v. )
)
JOHN T. HOPKINS and GDP DRILLING, ) JUDGE KEITH P. ELLISON
LLC, )
)
      Defendants. )

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT, OR AGENT OF ANY PARTY

I, _____, under penalty of perjury, 28 U.S.C. § 1746, that:

1. Information, including documents and things, designated as Confidential Information or Highly Confidential Information, as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5. I agree not to use any Confidential Information or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those specifically authorized by the Protective Order without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6. I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7. I understand that I am to retain all documents or materials designated as or containing Confidential Information or Highly Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Highly Confidential Information are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this _____, day of _____, 2019.

_____
Signature